UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-42-KAC-DCP |
| | ) | |
| TYSHAUN MARQUEZ WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Tyshaun Washington's Second Motion to Continue Trial and Enlarge Relevant Deadlines [Doc. 16], which was filed on December 15, 2025.

Defendant Washington asks the Court to continue the January 13, 2026 trial date and enlarge all relevant deadlines in the case [*Id*. at 1]. In support of his motion, Defendant asserts discovery is still ongoing as this matter arose out of other proceedings in Knox County Criminal Court, and Tennessee state agencies continue to provide the Government with "voluminous evidence." [*Id*. ¶ 2]. Defendant also states he awaits confirmation from the Government on whether requested discovery exists and can be provided [*Id.*]. Defendant states a continuance will serve the ends of justice by allowing additional time to properly prepare the case, which is in the best interests of the public and the Defendant in a speedy trial [*Id*. ¶ 5]. Defendant's motion reflects that counsel for the Government does not object to extending the deadlines [*Id*. ¶ 6]. The motion relates that Defendant does not oppose the continuance and is aware of his right to a Speedy Trial [*Id*. ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation to include negotiating a potential resolution, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to receive and review additional discovery, to review the discovery with Defendant, and to prepare the case for trial. The Court finds that this cannot occur before the January 13, 2026, trial date.

The Court therefore **GRANTS** Defendant Tyshaun Washington's Second Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 16**]. The trial date is reset to **April 7, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all the time between the filing of the motion on December 15, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Tyshaun Washington's Second Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 16**] is **GRANTED**;

(2) the trial date is reset to commence on **April 7, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **December 15, 2025**, and the new trial date of **April 7, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the pretrial motion deadline has expired and is not reopened. If Defendant seeks to file a pretrial motion, he should move for leave to file the motion out of time and attach a copy of the proposed motion to his motion for leave;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 9, 2026**;

(6) the deadline for filing motions *in limine* is **March 23, 2026**. Responses to motions *in limine* are due on or before **March 31, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **March 24, 2026, at 2:00 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 27, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge