UNITED STATES OF AMERICA,                )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )          No. 3:25-CR-42-KAC-DCP
                                         )
TYSHAUN MARQUEZ WASHINGTON,              )
                                         )
                    Defendant.           )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Tyshaun Washington's Third Motion to Continue Trial and Enlarge Relevant Deadlines [Doc. 19], which was filed on March 9, 2026.

Defendant Washington asks the Court to continue the trial date and to enlarge all relevant deadlines in his case [*Id*. at 1]. In support of his motion, Defendant states this matter arose out of a multi-defendant conspiracy to distribute drugs case that is being prosecuted in Knox County Criminal Court, Division I [*Id*. ¶ 1]. Defendant states his counsel made multiple requests for additional discovery and received the most recent responsive discovery on February 17, 2026 [*Id*. ¶¶ 2–3]. Defendant's counsel has not had an opportunity to discuss the discovery with the Government, in part because counsel for the Government changed since February 17, 2026 [*Id*. ¶ 4]. Defendant states the discovery process and potential plea negotiation process have not concluded [*Id*. ¶ 5].

Defendant's motion reflects the Government does not object to the requested continuance [*Id*. ¶ 8]. Counsel for Defendant confirms he is aware of his right to a speedy trial and does not oppose the continuance of his trial date. [*Id*. ¶ 6].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, the parties need additional time to review and discuss discovery, potentially engage in plea negotiations, and prepare for trial. The Court finds that this cannot occur before the April 7, 2026, trial date.

The Court therefore **GRANTS** Defendant's Third Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 19**]. The trial date is reset to **July 21, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on March 9, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Third Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 19**] is **GRANTED**;

(2) the trial date is reset to commence on **July 21, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **March 9, 2026**, and the new trial date of **July 21, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

2

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 22, 2026**;

(5) the deadline for filing motions *in limine* is **July 6, 2026**, and responses to motions *in limine* are due on or before **July 13, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **July 7, 2026, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 10, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3