UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-42-KAC-DCP |
| | ) | |
| TYSHAUN MARQUEZ WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Tyshaun Marquez Washington's Motion to Continue Trial and Enlarge Relevant Deadlines [Doc. 21], which was filed on June 17, 2026, as amended [*see* Doc. 23].[1]

Defendant Washington asks the Court to continue the trial and all relevant deadlines in his case [*Id.*].[2] In support, Defendant states voluminous evidence is still being provided to the Government by Tennessee state agencies, and Defendant's counsel continues to request and receive additional discovery and information from the Government [*Id.* ¶ 2]. Defendant explains that the discovery has led to additional conversations with the Government regarding evidence, and more time is needed to resolve the issue [*Id.*]. Defendant acknowledges he is aware of his

---

[1]    On June 17, 2026, Defendant Washington filed his original Motion to Continue Trial and Enlarge Relevant Deadlines [Doc. 21], and he filed his Amended Motion in response to the Court's June 18, 2026, Order, directing that he supplement his motion "with a statement of the Government's position from the Assistant United States Attorney who is assigned to this case" [Doc. 22].

[2]    All references will be to the Amended Motion [Doc. 23] unless otherwise indicated.

speedy trial right, and he does not oppose a continuance of his trial date [*Id.* ¶ 4]. Defendant states that counsel for the Government does not object to the requested continuance [*Id.* ¶ 6].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel needs additional time to review discovery and for the parties to conclude the discovery process. The Court finds that this cannot occur before the July 21, 2026 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 21**], as amended **[Doc. 23]**. The trial date is reset to **November 17, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on June 17, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial and Enlarge Relevant Deadlines **[Doc. 21]**, as amended [**Doc. 23**] is **GRANTED**;

(2) the trial date is reset to commence on **November 17, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

2

(3)  all time between the filing of the motion on **June 17, 2026**, and the new trial date of **November 17, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4)  the deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 19, 2026**;

(5)  the deadline for filing motions *in limine* is **November 2, 2026**, and responses to motions *in limine* are due on or before **November 9, 2026**;

(6)  the parties are to appear before the undersigned for a final pretrial conference on **November 4, 2026, at 1:30 p.m.**; and

(7)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 6, 2026**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge