UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>TYSHAUN MARQUEZ WASHINGTON,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:25-CR-42-KAC-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Tyshaun Marquez Washington's Amended Motion to Continue Trial and Enlarge Relevant Deadlines [Doc. 25], which was filed on October 14, 2026.[1]

Defendant Washington asks the Court to continue the trial and all relevant deadlines in his case [*Id.*]. In support, he states voluminous evidence is still being provided to the Government by Tennessee state agencies, and Defendant's counsel continues to request and receive additional discovery and information from the Government [*Id.* ¶ 2]. Defendant states the additional discovery has led to additional conversations with the Government regarding evidence, which requires more time to resolve [*Id.*]. Defendant's counsel states he has not yet had an adequate opportunity to fully consult with Defendant regarding the pending charges and any potential resolution [*Id.* ¶ 4].

[1] Although Defendant Washington's motion is titled "amended," there does not appear to be another filed document that the present motion would amend.

Defendant is aware of his speedy trial rights, and he does not oppose a continuance of his trial date [*Id.* ¶ 5]. Defendant's counsel states the Government does not object to the requested continuance [*Id.* ¶ 6].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel needs additional time to review discovery and for the parties to conclude the discovery process. The Court finds that this cannot occur before the November 17, 2026 trial date.

The Court therefore **GRANTS** Defendant's Amended Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 25**]. The trial date is reset to **February 9, 2027**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the original motion on October 14, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Amended Motion to Continue Trial and Enlarge Relevant Deadlines [**Doc. 25**] is **GRANTED**;

(2) the trial date is reset to commence on **February 9, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the original motion on **October 14, 2026**, and the new trial date of **February 9, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 11, 2027**;

(5) the deadline for filing motions *in limine* is **January 25, 2027**, and responses to motions *in limine* are due on or before **February 1, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 26, 2027, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 29, 2027**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin

Debra C. Poplin
United States Magistrate Judge